# In the United States District Court
## for the
## Western District of Texas

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **A-16-CV-105** |
| | § | **A-12-CR-105** |
| **HUSSEIN ALI YASSINE** | § | **A-12-CR-374** |

## ORDER

On this day came on to be considered Yassine's motion to disqualify Judge Sam Sparks from hearing the motion to vacate his conviction. This matter was referred to the undersigned by the Chief Judge of the Western District of Texas.

### Background

**Cause No. A-12-CR-105**

On March 20, 2012, Hussein Ali Yassine was charged in an indictment with various counts of money laundering. *See* Cause No. A-12-CR-105. A trial was held in that case and the jury found Yassine guilty on all counts. Docket No. 226. The Honorable Sam Sparks sentenced Yassine to 151 months imprisonment, with three years of supervised release thereafter. On July 2, 2014, the judgment was affirmed by the Fifth Circuit Court of Appeals. Writ of certiorari was denied by the United States Supreme Court on December 8, 2014.

On September 28, 2015, Yassine filed a motion to vacate pursuant to 28 U.S.C. § 2255. See A-12-CR-105, docket no. 356. In that motion Yassine alleged that the Government fabricated evidence in violation of *Napue v. Illinois*. In an attached memorandum he also asserted that his attorney provided ineffective assistance during his trial and appeal, and he was actually innocent. On January 4, 2016,

1

Judge Sparks denied the motion to vacate.  Docket No. 372.  The Court concluded that the *Napue* claim was procedurally barred.  Alternatively, the Court concluded that Yassine suffered no prejudice because he failed to establish that the testimony in question was actually false.  Yassine argued that translations of recordings in a French dialect were false.  Otherwise, the Court analyzed each of the remaining ineffective assistance claims and actual innocence claim and found that the claims lacked merit.  Yassine has filed an appeal of this denial and the appeal remains pending.

**Cause No. A-12-CR-374**

On October 2, 2012, Hussein Ali Yassine was charged in an indictment with tax fraud related to his ownership and operation of several nightclubs in Austin, Texas.  *See* Cause No. A-12-CR-374.   The Indictment alleged that Yassine filed a false 2008 tax return by failing to state the true gross receipts for his businesses in violation of 26 U.S.C. § 7206.  Count Two of the Indictment alleged he filed a false 2009 tax return.   Count Three of the Indictment alleged he filed a false 2010 tax return.

On February 6, 2013, a Plea Agreement was filed wherein Yassine agreed to plead guilty to Count Two of the Indictment.  He also agreed to waive his appellate rights and the right to file any collateral attacks pursuant to 28 U.S.C. §§ 2241 and 2255.  The Honorable Sam Sparks sentenced Yassine to 36 months imprisonment, with one year of supervised release thereafter.  The sentence was ordered to run consecutive to the sentence imposed in Cause No. A-12-CR-105.  Yassine filed an appeal, and the appeal was dismissed as frivolous by the court of appeals on September 10, 2014.  Writ of certiorari was denied by the United States Supreme Court on February 25, 2015.

On February 4, 2016, Yassine filed a motion to vacate.  See Docket No. 76.  In that motion he alleges that he did not voluntarily plead guilty because his counsel was ineffective in failing to seek the suppression of certain evidence.  He further alleges that his counsel promised that his sentence would run concurrent with A-12-CR-105.

**Motion to Disqualify**

In this motion Yassine seeks the disqualification of Judge Sparks pursuant to 28 U.S.C. § 455(a), arguing that Judge Sparks has already made it clear he will deny the current pending motion to vacate. He further argues that Judge Sparks was involved in pre-plea and pre-sentence negotiations, and had "assured both defense counsel and the prosecution team that he would impose a sentence concurrent with the sentence he was about to impose in Mr. Yassine's other criminal case."  Specifically, Yassine argues that based on alleged remarks made by Judge Sparks a reasonable person would harbor legitimate doubts about the judge's impartiality.  In support of his claim that Judge Sparks will not impartially entertain his ineffective assistance of counsel claim, Yassine attaches a portion of the February 6, 2013 plea transcript in 12-CR-374.  During that hearing, Judge Sparks stated:

> THE COURT: Now, they've got some nice language. The lawyers always put nice language in, like prosecutorial misconduct, and ineffective assistance of counsel, and being sentenced more than the statute allows. But that just looks good. You're not going to have any prosecutorial misconduct.  You're not going to have any ineffective assistance of counsel in this plea. You understand that whatever sentence you get under this plea agreement, you have to serve and you cannot have any recourse now or at any time in the future from any appellate court.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, your Honor.

In addition, Yassine has submitted his own affidavit wherein he states that his trial counsel, John Stephen Toland, had a bench conference with Judge Sparks.  At the conclusion of the bench conference, Mr. Toland returned to the counsel table and allegedly told Yassine that Judge Sparks stated there was "no reason for [him] to give Mr. Yassine additional time."  Mr. Toland also allegedly told Yassine that on another occasion he had a "meeting in Judge Sparks' chambers, and was reassured that the sentence imposed in this case would be concurrent with the sentence imposed in the other case."   After

sentencing was imposed, Yassine states that both Mr. Toland and the prosecutor visited with him in the holding cell area, "apologized, and told me they would correct the problem."

The Government has filed a response to the motion to disqualify arguing that when considering the plea colloquy as a whole, it reflects that Judge Sparks was carefully admonishing Yassine about the terms of the plea agreement, and Judge Sparks did not foreclose hearing the merits of any ineffective assistance claim.   Further, the Government argues that Judge Sparks properly admonished the Defendant during his plea about the range of punishment he could receive at sentencing.   Finally, the Government alleges that there is no credible evidence that Judge Sparks violated Fed. Rule of Crim. P. 11 by improperly engaging in plea discussions.   In support of this the Government notes that the Defendant signed his plea agreement one day before the plea hearing.   The Government also relies upon an affidavit signed by Mr. Toland regarding discussions both counsel had with Judge Sparks.   See 12-CR-374, docket no. 87-4.

### Analysis

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C.A. § 455(a).

"In the absence of actual bias, recusal may also be justified by the appearance of impartiality. Under the broader, catch-all § 455(a) provision, the inquiry is 'whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality.'   The ultimate issue is whether the public can have confidence in the integrity of the court's judgments.   To this end, the proponent of recusal must identify facts that 'might reasonably cause an objective observer to question [the Judge's] impartiality.'"  *Washington v. Sobina*, 471 F. Supp. 2d 511, 515 (E.D. Pa. 2007)(internal citations omitted).

1.   Ineffective Assistance of Counsel

With regard to Yassine's argument that Judge Sparks would not impartially entertain his ineffective assistance of counsel claim, that argument is without merit.  During the plea hearing, it was made clear that the Defendant was not waiving his "right to raise a challenge based on ineffective assistance of counsel or prosecutorial misconduct."[1]  This Judge does not understand what Judge Sparks meant by stating:  "You're not going to have any ineffective assistance of counsel in this plea."[2]  It is clear, however, that Judge Sparks carefully reviewed the terms of the plea with the Defendant to assure the Court that the Defendant understood the terms of the agreement, understood his right to pursue an ineffective assistance of counsel claim, and that the Defendant's plea was intelligently, knowingly and voluntarily made.  Judge Sparks made no claim that he intended to foreclose any ineffective assistance claim or that he had prejudged any such claim.

2.   Judge's participation in plea negotiations

Rule 11 generally prohibits a sentencing judge from participating in plea negotiations.   "An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions." Fed. R. Crim. P. 11(c).

The Fifth Circuit has characterized Rule 11's prohibition of judicial involvement as a "bright line rule." *United States v. Pena*, 720 F.3d 561, 570 (5th Cir. 2013) (*citing United States v. Rodriguez*, 197 F.3d 156, 158 (5th Cir. 1999)).  "A district court is free, of course, to reject a plea agreement, Fed. R. Crim. P. 11(e)(4), and may express its reasons for doing so.  But, Rule 11(e)(1) prohibits absolutely a district court

---

[1] Transcript of Rearraignment/Plea, February 6, 2013 at p.11.  A copy of this document can be found at 12-CR-374, Docket No. 53.
[2] *Id*. at p. 14.

from 'all forms of judicial participation in or interference with the plea negotiation process.'" *United States v. Miles*, 10 F.3d 1135, 1139 (5th Cir. 1993)(internal citations omitted).

The reasons for the prohibition have been stated by the Fifth Circuit as follows:  "First and foremost, it serves to diminish the possibility of judicial coercion of a guilty plea, regardless of whether the coercion would cause an involuntary, unconstitutional plea.  Second, such involvement 'is likely to impair the trial court's impartiality. The judge who suggests or encourages a particular plea bargain may feel a personal stake in the agreement ... and may therefore resent the defendant who rejects his advice.'  Third, 'judicial participation in plea discussions creates a misleading impression of the judge's role in the proceedings.  As a result of his participation, the judge is no longer a judicial officer or a neutral arbiter. Rather, he becomes or seems to become an advocate for the resolution he has suggested to the defendant.'" *Miles*, 10 F.3d at 1139 (internal citations omitted).

"In sum, Rule 11 requires that a district court explore a plea agreement once disclosed in open court; however, it does not license discussion of a hypothetical agreement that it may prefer. *See Bruce*, 976 F.2d at 556 ('Rule 11(e)(1) simply commands that the judge not participate in, and remove him or herself from, any discussion of a plea agreement that has not yet been agreed to by the parties in open court.')." *Miles*, 10 F.3d at 1140; s*ee also United States v. Ushery*, 785 F.3d 210, 220 (6th Cir.), *cert. denied*, 136 S. Ct. 375, 193 L. Ed. 2d 303 (2015)(court commented on a proposed plea; "despite what appears to be good intentions on the part of the district court," comments raise Rule 11 concerns); *United States v. Ayika*, 554 F. App'x 302, 305 (5th Cir. 2014)("we have not hesitated to find a Rule 11 error even when the court's participation is minor and unintentional. In *United States v. Daigle*, for instance, we held that the district court violated Rule 11 when it stated in an off-the-record conference that it 'would most likely follow any sentence recommendation by the government.'").

In this case per the Affidavit of Mr. Toland, he and two Assistant U.S. Attorneys had multiple conferences discussing a plea.  All three explained to Yassine that they agreed to request from the trial judge a concurrent sentence in the two cases.  Mr. Toland and one of the Assistant U.S. Attorneys explained to Yassine that even though there was an agreement, "Judge Sparks ultimately had discretion on whether to sentence Yassine to a consecutive or concurrent sentence."  Yassine wanted a "guarantee" that Judge Sparks would give a concurrent sentence.  "A short time later, [Defense Counsel], along with [the two AUSAs], met with Judge Sparks in chambers to discuss the *proposed* plea agreement."  (emphasis added).  Further, according to Mr. Toland's affidavit, "Judge Sparks did not object to the idea and it seemed like a concurrent sentence would be possible….  At no time during this, or any discussion with Yassine, did I specifically assure or promise to him that he would receive a concurrent sentence *if he entered a guilty plea* to count one.  A short time late [sic] Yassine entered a guilty plea…."  (emphasis added).

Although the Government's Response and the affidavit of Mr. Toland may suggest that the Defendant was provided effective assistance of counsel, the question in this matter is whether Judge Sparks should be recused from deciding that issue.  Out-of-court, non-recorded discussions took place between defense counsel, the AUSAs and Judge Sparks.  It is not clear at what point the Defendant signed his plea agreement.  If he in fact had already signed the plea agreement, it is unclear why there was a need for the in-chambers conference.  If the Defendant had not already signed his plea agreement, an argument can be advanced that the counsel were seeking "pre-clearance" of the plea agreement from the trial judge, and Rule 11 does not license discussion of a hypothetical agreement that a judge may prefer.

**Conclusion**

Given the out-of-court, non-recorded conference that took place between the AUSAs, defense counsel and the trial judge concerning the Defendant's plea agreement, a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality.  The motion to recuse is granted.

The Clerk of Court is directed to randomly re-assign the motion to vacate to another judge.

SIGNED this 15th day of August, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE